MARY K. PORTER, Respondent, v. HENRY L. BOGERT and Others, as Trustees, etc., Appellants.

First Department, January 16, 1920.

**Appeal — failure to print case as required by order — appeal dismissed.**

Where a proposed case was duly settled by a referee on appellants' motion, but the appellants took no steps to print the case as so settled, and a motion to dismiss the appeal was granted unless the record were filed pursuant to the terms of the order, and the appellants thereupon, without appeal from or compliance with the referee's decision, merely printed and filed the judgment roll, they are in default and a motion to dismiss the appeal will be granted.

MOTION by the respondent, Mary K. Porter, to dismiss the appeal of Henry L. Bogert and others from a judgment entered upon the report of a referee.

*Wolcott P. Robbins,* for the motion.

*Alexander R. Kellegrew,* opposed.

PER CURIAM:

The appellants herein served their proposed case on appeal, to which proposed amendments were served and the case on appeal was duly settled by the referee. Thereafter the appellants requested a reargument, which was had, and the referee reaffirmed his former ruling. The opinion of the referee on the second application bears date October 11, 1919. No steps were taken to print the record until after a motion was made and served to dismiss the appeal. Said motion was granted " unless the appellants procure the record on appeal to be filed on or before the 15th day of December, 1919." (See 189 App. Div. 940.) The appellants have failed to comply with this direction but, instead thereof, have filed the judgment roll only, claiming that they are entitled to raise on appeal the question whether the judgment is warranted by the findings of fact. This argument, they contend, may be had upon the judgment roll only. They concede that by not including the testimony in

the case on appeal they have waived their right to review the findings of fact upon the appeal. But whatever their rights might have been originally, they submitted themselves to the judgment of the referee that he might settle the case on appeal, which he has done. They have not appealed from his decision; they have failed to print the case as settled by him, and have failed to file such a case within the time limited by this court.

The appellants are, therefore, in default, and the motion to dismiss the appeal should be granted, with ten dollars costs.

Present — DOWLING, LAUGHLIN, PAGE, MERRELL and PHILBIN, JJ.

Motion to dismiss appeal granted, with ten dollars costs.